```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

BENS BROTHERS, LLC                         CIVIL ACTION

VERSUS                                     NO: 06-5048 C/W
                                           06-6462

FIDELITY NATIONAL PROPERTY                 SECTION: J
AND CASUALTY INSURANCE
COMPANY, ET AL
```

**ORDER AND REASONS**

Before the Court is Defendant, Martin Insurance Agency, Inc.'s **Motion for Partial Summary Judgment (Rec. Doc. 33)** requesting that this Court dismiss Plaintiff's claims for bad faith penalties and attorney's fees under La. R.S. 22:1220 and La. R.S. 22:658. In addition, Defendant has filed a **Motion to Dismiss (Rec. Doc. 35)** based on prescription.

These motions, which were opposed, were set for hearing on September 19, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's Motion for Partial Summary Judgment should be denied and Defendant's Motion to Dismiss should be granted.

**Background Facts**

Plaintiff originally brought this suit against its insurer, Fidelity National Property and Casualty Insurance Company ("Fidelity"). Soon thereafter, Plaintiff filed an amended complaint, adding Martin Insurance Agency, Inc. ("Agency") and Hanna Haile ("Haile") as Defendants. Plaintiff invoked this Court's supplemental jurisdiction under 28 U.S.C. 1367 over the claims against the Agency and Haile, as the claims against them arise out of the same transaction and occurrence at issue in Plaintiff's original complaint.

As to the allegations in the suit, Plaintiff has alleged in its amended complaint that Defendant Agency, acting through its employee, Haile, committed professional negligence by failing to properly inform Plaintiff of the available insurance coverages for purchase covering losses to its commercial property located at 1500 Cleveland Avenue, New Orleans, Louisiana, as a result of Hurricane Katrina.

Plaintiff has alleged that Haile recommended to Plaintiff that its purchase of flood insurance, for the policy period covering August 29, 2005, with a total policy limit of $160,000.00 was "sufficient." In addition, Plaintiff alleges that Agency and Haile specifically advised Plaintiff that it did not need to maintain contents coverage, as such coverage would be borne by any lessee of the commercial property leased by

2

plaintiffs.  See Amended Complaint, ¶ 19.

## Discussion

**Arguments of the Parties:**

### Motion for Partial Summary Judgment

In its motion for partial summary judgment, Agency requests that this Court dismiss Plaintiff's claims for bad faith penalties and attorney's fees under La. R.S. 22:1220 and La. R.S. 22:658.  Agency explains that La. R.S. 22:1220 and 22:658 apply to the adjustment and settlement of claims.  Agency goes on to explain that it, as an insurance agency, did not insure, did not adjust, and did not have the authority to settle Plaintiff's claims.

In response, Plaintiff stipulates that it did not allege that Agency and/or Haile are subject to penalties and/or attorney's fees under La. R.S. 22:1220 and 22:658.

As a result, there is no claim here to "dismiss."  Based on Plaintiff's filing of a Notice of Stipulation into the Record acknowledging that it is not pursuing a claim for bad faith penalties and attorney's fees under La. R.S. 22:1220 and La. R.S. 22:658, Agency's motion should be denied as4 moot.

### Motion to Dismiss

In its motion to dismiss, Agency states that the action has prescribed.  The alleged conduct, policy, issuance, and hurricane all took place more than one year prior to June 2007, which was

3

when suit was filed against Agency and Haile. Defendants state that the action does not involve any possible interruption because it is governed by a one year peremptive period. Therefore, according to Agency, under Louisiana law, Plaintiffs have no cause of action against Agency.

In response, Plaintiff asserts that its action was filed within one year of the date of the discovery of the omission or neglect by Agency and Haile (which according to Plaintiff was in the summer of 2006), and in any event within three years from the first date of the omission or neglect (which according to Plaintiff took place at the time the policy was issued, namely, January 27, 2005). Therefore, the action is timely under La. R.S. 9:5606.

In addition, Plaintiff cites <u>Fidelity Homestead Ass'n v. Hanover Insurance Co.</u> for the proposition that an insurance agent can assume a duty by inducing the client's justifiable reliance on the agent's representations about its coverage. 458 F. Supp. 2d 276 (E.D. La. 2006). Plaintiff states that it reasonably relied on the advice and representations of Agency and Haile regarding the adequacy of insurance coverage on its commercial property, and in recommending that contents insurance was unnecessary.

Finally, Plaintiff asserts that its claims are timely filed because Agency is a solidary obligor with Fidelity, against whom

suit was filed on August 28, 2006.  Plaintiff cites La. C.C. article 1799 for the proposition that suit against one solidary obligor is effective as to all obligors.  As a result, "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors."  La. C.C. art. 3503.

In its reply to Plaintiff's opposition, Agency disputes the fact that Agency and Fidelity are solidary obligors, such that the interruption of prescription as to Fidelity applies also to Agency.

Additionally, Agency asserts that the peremptive period under La. R.S. 9:5606 should begin to run not when Plaintiff claims to have actually discovered the alleged neglect by Agency, but when it *should* have discovered the neglect.  See Campo v. Correa, 828 So. 2d 502 (La. 2002) ("A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit a long as there is constructive knowledge of same.  Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry.")  Furthermore, under Louisiana law, an insured has a duty to read his insurance policy and know its provisions.  Fidelity Homestead, 458 F. Supp. 2d at 280.  As a result, Agency alleges that the one year peremptive period began to run when the policy

was originally issued on January 27, 2005.  It was at that point that Plaintiff was provided with a copy of the policy and had a duty to read it and know its provisions.  Therefore, Plaintiff had actual or constructive notice on January 27, 2005 that Agency had committed any negligent act, and since suit was not filed within one year from this date, the action is perempted.

## Applicable Law

**Generally**

When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff.  Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988).  A Rule 12(b)(6) motion should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id.  Rule 12(b)(6) motions are disfavored and rarely granted.  Id. (quoting Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981)).

**Timeliness of Plaintiff's Suit**

According to La. R.S. 9:5606:

> No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been

>
> discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

As such, La. R.S. 9:5606 provides for two peremptive periods, one lasting one year, and another lasting three years. La. R.S. 9:5606(C).

Applying La. R.S. 9:5606 to the facts of this case, Plaintiff discovered what it alleges to be the relevant act, omission, or neglect in the summer of 2006 (when it learned that a higher coverage amount was available). Suit was filed against Agency on June 13, 2007 through Plaintiff's filing of an amended complaint adding Agency as a Defendant (suit was filed against the Defendant insurance company on August 28, 2006).

Therefore, it is unclear whether suit was timely filed within one year from the date that the alleged act, omission, or neglect was actually discovered by Plaintiff. If Plaintiff discovered the neglect sometime after June 13, 2006, then suit filed on June 13, 2007 would be timely. On the other hand, the "summer of 2006," when Plaintiff discovered the neglect, could encompass the time period prior to June 13, 2006, in which case suit, filed against Agency on June 13, 2007, would be untimely.

Furthermore, Plaintiff's assertion that Agency is solidarily liable with Fidelity does not affect this result—-nor does any attempt by Plaintiff to relate the amended complaint back to the

7

filing of the original complaint against Fidelity.  "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."  Marsh Engineering Inc. v. Parker, 883 So. 2d 1119, 1125 (La. App. 3d Cir. 2004); see also La. Code Civ. P. art. 1153.  However, "a supplemental petition filed after a peremptive period has run does not relate back to the time of filing of the original petition."  Robin v. Allstate Ins. Co., 844 So. 2d 41, 49 (La. App. 3d Cir. 2003).  Additionally, the mere adding of a Defendant does not in itself cause the addition to relate back to the original pleading.  Hebert v. Doctors Mem'l Hosp., 486 So. 2d 717 (La. 1986).

Agency's alleged acts of negligence are separate causes of action from Fidelity's acts.  As such, if Plaintiff's action against Agency was filed after the one year peremptive period set forth in La. R.S. 9:5606 had run, then suit against Agency would still be untimely.  In other words, without answering the question whether Agency and Fidelity are solidary obligors, because a peremptive period is at play, the filing of suit against Fidelity did not interrupt peremption as to Agency.

The question then becomes, when *should* Plaintiff have discovered Agency's neglect?  According to Agency, Plaintiff

8

should have discovered the neglect as of the date the Policy was issued, namely, January 27, 2005. Agency asserts that this was when Plaintiff was supplied with a copy of the policy and had a duty to read it and know its provisions.

Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions. Fidelity Homestead, 458 F. Supp. 2d at 280. Furthermore, several judges of this Court have held that an insured's knowledge that the terms of a policy directly contradicts a representation or statement made by the insurance agent who sold the policy is sufficient to excite the attention of the victim and put her on guard. As such, an insured should have known of an insurance agent's neglect as of the date of issuance of the policy. See, e.g., Dobson v. Allstate Ins. Co., 2006 WL 2078423, *9 (E.D. La. 7/21/2006) (Vance, J.) ("Knowledge of policy terms that directly contradict a statement by the agent who sold the policy is sufficient to excite attention and put the insured on guard. Thus, even if the Court were to consider plaintiffs' assertion that [the insurance agent] negligently misrepresented the terms of their coverage to them in October 2004, they knew or should have known of his wrongful conduct as of that time, as they had a copy of their policy in hand."); Wirth v. Allstate Ins. Co., 2007 WL 2436695, *4 (E.D. La. 8/20/2007) (Porteous, J.) ("With knowledge that his home was worth more than the value stated on the policy, the

9

plaintiff would have constructive knowledge sufficient to start the running of prescription when the insufficient policy was procured.").

As a result, according to the time periods at play, Plaintiff's action is perempted, as Plaintiff should have discovered any neglect by agency on January 27, 2005 when the insurance policy was issued.  As such, Defendant's motion to dismiss should be granted.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Partial Summary Judgment (Rec. Doc. 33)** should be and hereby is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 35)** based on prescription should be and hereby is **GRANTED.**

New Orleans, Louisiana this 9th day of November, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE